**Rubin LLC**  
**345 Seventh Avenue, 21st Floor**  
**New York, New York 10001**  
**Tel:  212. 390.8054**  
**Fax: 212.390.8064**  
**E-mail:  prubin@rubinlawllc.com**  
**Paul A. Rubin**

Return Date:  April 5, 2016 at 10:00 a.m.

*Counsel for Noble Gift Packaging Inc.*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
---------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 7** |
| | : | |
| | : | **(Involuntary Petition Pending)** |
| | : | |
| **DIAMLINK, INC.,** | : | Case No. 16-22371 (RDD) |
| | : | |
| | : | |
| | : | |
| **Alleged Debtor.** | : | |

---------------------------------------------------------x

### STATEMENT OF NOBLE GIFT PACKAGING INC. IN SUPPORT OF MOTION BY PETITIONING CREDITORS FOR APPOINTMENT OF AN INTERIM TRUSTEE

Noble Gift Packaging Inc., by its undersigned counsel, hereby submits this statement in support of the emergency motion by Eddy Friedfeld, Mutual Central Alarm Services, Inc. and Lackenbach Siegel, LLP (collectively, the "Petition Creditors") dated March 29, 2016, pursuant to section 303(g) of title 11 of the United States Code (the "Bankruptcy Code"), for appointment of an interim trustee for Diamlink, Inc. (the "Debtor") during the involuntary gap period [ECf Dkt. No. 5] (the "Motion"), and respectfully states as follows:

1.  On March 22, 2016, the Petitioning Creditors filed an involuntary petition against the Debtor [ECF Dkt. No. 1] (the "Involuntary Petition").  The Involuntary Petition lists the Debtor's mailing address as 500 Seventh Avenue, Floor 12B, New York, NY 10018, and the

address of Debtor's principal place of business as 6201 E. Oltorf Street, Suite 700, Austin, Texas 78741.

2.     On March 30, 2016, the Petitioning Creditors filed the instant Motion, and a motion to shorten time [ECF Dkt. No. 6] so that the Motion can be heard on an expedited basis. The Motion is verified by the Debtor's former Chief Restructuring Officer, who would have been privy to intimate details concerning the Debtor, its assets and liabilities, and its relationship with its subsidiaries. The Motion states that the Debtor was a wholesaler of finished jewelry, loose diamonds and other stones that had an estimated annual sales volume of approximately $134 million, but Debtor is now no longer operating, following its completion of negotiations with its secured lender. Motion at ¶¶ 1, 7. The Motion states that the Debtor is in control of millions of dollars in finished jewelry and loose stones, and millions of dollars of uncollected accounts receivable, and that the Debtor still owes millions of dollars to various unsecured creditors. *See id*.

3.     The Motion further states that the Debtor has abandoned its New York offices, has moved its assets to Austin, Texas, its facsimile line has been disconnected, and to the best of the Petitioning Creditors' knowledge, calls to the Debtor go unreturned. *See id*. at ¶ 2. It appears that virtually all of the Debtor's employees, including management, have been dismissed, the Debtor has "gone dark," and its assets are being controlled by a foreign parent corporation. *See id.*

4.     The Motion states that the Debtor, Diamlink, Inc., has a direct subsidiary, Diamlink Jewelry, Inc., which in turn has a direct subsidiary named Jewelry Marketing Corporation ("JMC"), and that the Debtor and these two subsidiaries operated as one business unit. *See id*. at ¶ 7.

5. Noble produces and markets custom gift packaging and display items for companies in the jewelry industry and for boutique business. For approximately seven years, it sold display sets, jewelry boxes, rings stands, ring boxes, earring trays, and various other jewelry display and packaging items to JMC. At times, JMC directed Noble to ships its purchases to JMC's office at 500 Seventh Avenue, Floor 12B in New York City, while more recently JMC directed Noble to deliver its product to 6201 East Oltorf Street, Suite 700, Austin, Texas. While communicating with Noble, JMC's Chief Executive Officer, Nehal Modi, identified himself as the CEO of "JMC|Diamlink|Gitanjali USA." He provided the same address for all three of these companies, namely 500 7th Avenue, New York, NY 10018, together with the same telephone number and facsimile line. Accordingly, it appears to Noble that the Motion is correct when it states that the Debtor and JMC operated as one business unit.

6. Noble is owed more than $148,000 for shipments it made to JMC over one year ago for which it has not received payment.

7. Noble shares the serious concerns of the Petitioning Creditors that the Debtor (which owns and controls JMC) has folded its tent in New York, shed its management and staff, is not responsive to creditors, including its own Chief Restructuring Officer, and that its substantial physical assets, which are easily transportable, are no longer under the supervision of any outside third party.

8. Interim trustees have been appointed where the Court has found that doing so would prevent concealment, waste or loss of assets by the alleged debtor, or otherwise prevent irreparable harm which would likely result between the time of the filing of the involuntary petition and the hearing to consider entry of an order for relief. *In re DiLorenzi,* 161 B.R. 752, 754 n.8 (Bankr.

S.D.N.Y. 1983); *In re Reed,* 11 B.R. 755, 757 (Bankr. S.D.W.Va. 1981); *In re Rush*, 10 B.R. 518, 523 (Bankr. N.D. Ala. 1980).

9. In this case the appointment of an interim trustee would serve the best interests of all parties in interest. It is evident that the Debtor is not generally paying its debts as they come due in the ordinary course of business. The conduct of the Debtor's existing ownership has resulted in justifiable concerns that mischief may occur absent the appointment of an independent fiduciary to protect and safeguard the Debtor's valuable assets, which are easily susceptible to transportation and concealment without the knowledge of the Court or the parties in interest in this case

10. For foregoing reasons, Noble supports the Motion seeking appointment of an interim trustee to take possession of the property of the Debtor's estate, and respectfully requests that this Court grant such other and further relief as is just and proper.

Dated: New York, New York
April 4, 2016

RUBIN LLC

By:\s\ Paul A. Rubin
Paul A. Rubin

345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com

*Counsel for Noble Gift Packaging* Inc.

## Certificate of Service

        I hereby certify that on April 4, 2016, I caused a true and correct copy of the foregoing Statement of Noble Gift Packaging Inc. In Support of Motion By Petitioning Creditors for Appointment of an Interim Trustee (the "Statement") to be served upon the parties at the addresses set forth on the following service list via U.S. Mail, postage prepaid, and I caused a true and correct copy of the Statement to be filed and served electronically using the Court's ECF system.

Dated: New York, New York
       April 4, 2016

                                    \s\ Paul A. Rubin
                                      Paul A. Rubin

### Service List

Halperin Battalia Benzija, LLP
40 Wall Street, 37th Floor
New York, NY 10005
Attn: Alan D. Halperin, Esq.

Diamlink, Inc.
6201 East Oltoft Street, Suite 700
Austin, TX 78741